JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORI RUBIN, Regional Director of Region 31 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>              Petitioner,<br><br>       v.<br><br>VISTA DEL SOL HEALTH SERVICES, INC. DBA VISTA DEL SOL HEALTHCARE,<br><br>              Respondent. | Case No. CV 14-09534 MMM(FFMx)<br><br>ORDER GRANTING TEMPORARY INJUNCTIVE RELIEF  UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED [29 U.S.C. § 160(j)] |

The Court heard this motion based upon the verified petition of Mori Rubin, Regional Director of Region 31 of the National Labor Relations Board ("the Board"), for a temporary injunction under Section 10(j) of the National Labor Relations Act ("NLRA"), as amended, 29 U.S.C. §160(j) ("Section 10(j)"), pending the final disposition of the matters involved herein which are now pending before the Board.  The Court, upon consideration of the pleadings, evidence, briefs, argument of counsel, and the entire record in this case, has concluded that Petitioner is likely to establish successfully in administrative proceedings that

Vista Del Sol Health Services, Inc. dba Vista Del Sol Healthcare ("Respondent") has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1), (3) and (5) of the NLRA, 29 U.S.C. §158(1), (3) and (5) ("Sections 8(a)(1), (3) and (5)"), and that such acts and conduct will likely be repeated or continued unless enjoined.  The Court's order on the Board's petition for a temporary injunction dated January 21, 2015, constitutes its Findings of Fact and Conclusions of Law, which are hereby incorporated by reference in this injunction.[1]

Therefore, it is ORDERED, ADJUDGED AND DECREED that, pending final disposition of the matters at issue before the National Labor Relations Board, the court enjoins, restrains, orders, and directs Respondent, its officers, agents, successors, assigns, and all persons acting in concert or participation with it to:

1. Cease and desist from:

(a) Interfering with, restraining, or coercing employees in the exercise of rights guaranteed by Section 7 of the NLRA, 29 U.S.C. §157.

(b) Making it appear to employees that Respondent is watching out for their union activities.

(c) Interrogating employees about employee support for a union, including Service Employees International Union-United Long Term Care Workers, SEIU-ULTCW (Union).

(d) Interrogating employees if they wish to be represented by the Union.

(e) Telling employees to stop talking to the Union.

(f) Promising employees better benefits and giving them new or better benefits to discourage them from supporting the Union.

---

[1] Order Granting Petitioner's Motion for Temporary Injunction, Docket No. 22 (Jan. 21, 2015).

(g)    Impliedly threatening employees with unspecified reprisals if they choose to be represented by or support the Union.

(h)    Making coercive statements to employees, including telling off-duty employees they have to leave the premises, in response to their Union activity or equating support for the Union with being disloyal to Respondent.

(i)    Threatening to enforce more strictly Respondent's tardiness policy, including threatening to discipline employees who are tardy beyond the seven minute grace period, in retaliation for employee activity on behalf of the Union.

(j)    Threatening to enforce more strictly Respondent's uniform policy in response to employee activity on behalf of the Union.

(k)    Firing or laying off employees because of their Union membership or support.

(l)    Threatening employees with closure of its facility and job loss for engaging in protected concerted and/or union activities.

2.    Take the following affirmative action:

(a)    Within five days of issuance of the Order, offer, in writing, Delfina Sanchez, Martha Aparicio, Genaro Meza, Carmelina Perdomo, Romana Lopez, Dafny Cobar, Maria Isabel Valladares née Menjivar, Elisa Mayorga, and Rosa Lopez immediate and full reinstatement to their former jobs, or if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights and/or privileges previously enjoyed.

(b)    Within 14 days of issuance of the Order, remove from Respondent's files all references to the discharge or layoff of Delfina Sanchez, Martha Aparicio, Genaro Meza, Carmelina Perdomo, Romana Lopez, Dafny Cobar, Maria Isabel Valladares née Menjivar, Elisa Mayorga, and Rosa Lopez, pending the final decision of the Board.

     (c)     Within 14 days of issuance of the Order, post copies of the Order in English and Spanish near the time clock and in the lunch/break room at 11620 West Washington Boulevard, Los Angeles, California 90066, and maintain copies of the Order for 60 consecutive days from the date of posting.

     (d)     Within 14 days of issuance of the Order, hold a mandatory meeting or meetings, on working time when Respondent would customarily hold meetings, scheduled to ensure the widest possible attendance on each shift, and have Administrator Rosa Valdivia read the Order in English and Spanish in a Board agent's presence, or alternatively, have a Board agent read the Order in English and Spanish in Valdivia's presence.

     (e)     Recognize and, on request, bargain in good faith with the Union as the exclusive collective-bargaining representative of employees in the following bargaining units concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement:

     All full-time, part-time, and on-call certified nurse assistants (CNA), restorative nurse assistants (RNA), caregivers, housekeepers, laundry, cooks, dietary aids, maintenance, and activity assistants; excluding all other employees, confidential employees, managers, office and clerical employees, professional employees, guards, and supervisors as defined in the Act.

     (f)     Within 21 days of issuance of the Order, file with the Court, and send a copy to the Regional Director of Region 31, a sworn affidavit from a responsible official of Respondent setting forth with specificity the manner in which Respondent has complied with the terms of this Order, including how and when it posted the documents required by the Order.

1       3.     This case shall be dismissed.  If Respondent fails to comply with the

2  terms of this order, the Regional Director may bring an appropriate post-judgment

3  motion for contempt.

4

5  IT IS SO ORDERED.

6        Done at Los Angeles, California, this 22 day of January 2015.

7

8  _____        _____

9  Honorable Margaret M. Morrow
    UNITED STATES DISTRICT COURT JUDGE